```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  2/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN L. WILLIS, dba HARLEM WEST
ENTERTAINMENT and HARLEM WEST
MUSIC GROUP,

                Plaintiff,

                -against-

BOB SAKAYAMA, TNG/EARTHLING, Inc., a
New York Corporation,

                Defendanta.

1:22-cv-01208-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, proceeding *pro se*, initiated this action by filing the Complaint on February 11, 2022.  (Compl. [ECF No. 1]).  In the complaint, signed only by Karen L. Willis, Plaintiff asserts that she does business on behalf of Harlem West Entertainment and Harlem West Music Group (collectively "Harlem West"), and that Harlem West "is the exclusive licensee" for the Village People.  (Compl. ¶¶ 1, 7).  However, because it is a corporate entity, Plaintiff Harlem West may not proceed *pro se*.  In other words, Plaintiff Harlem West may appear in federal court only through licensed counsel.  *See*, *e.g.*, *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006) ("[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel . . . ."); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel.").  Moreover, as a *pro se* litigant, Plaintiff cannot act on behalf of another.  *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted).

Where a corporate plaintiff fails to appear by counsel, dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See, e.g.*, *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 0902 JGK, 2013 WL 4451301, at *1 (S.D.N.Y. Aug. 19, 2013) (dismissing case for failure to prosecute "[b]ecause [plaintiffs] cannot prosecute this action *pro se* and have not retained new counsel within the time allotted"); *V.D.B. Pac. B.V. v. Chassman*, 277 F.R.D. 121, 126 (S.D.N.Y. 2011) (a corporate plaintiff's "failure to retain new counsel may result in both (1) the dismissal of [its] claims for failure to prosecute, and (ii) the entry of a default judgment against [it] on the counterclaims of defendants").

As such, IT IS HEREBY ORDERED that Plaintiff retain counsel on or before March 15, 2022. Failure to do so will result in dismissal of the Complaint.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record.

**SO ORDERED.**

Date: **February 15, 2022**
     **New York, NY**

**MARY KAY VYSKOCIL**
United States District Judge