```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/8/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN L. WILLIS, dba HARLEM WEST
ENTERTAINMENT and HARLEM WEST
MUSIC GROUP,

                Plaintiff,

                -against-

BOB SAKAYAMA, TNG/EARTHLING, Inc., a
New York Corporation,

                Defendanta.

1:22-cv-01208-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, proceeding *pro se*, initiated this action by filing the Complaint on February 11, 2022.  (Compl. [ECF No. 1]).  In the complaint, signed only by Karen L. Willis, Plaintiff asserts that she does business on behalf of Harlem West Entertainment and Harlem West Music Group (collectively "Harlem West"), and that Harlem West "is the exclusive licensee" for the Village People.  (Compl. ¶¶ 1, 7).

      On February 15, 2022, the Court advised Plaintiff that, because it is a corporate entity, Harlem West may not proceed *pro se*.  [ECF No. 5].  As such, the Court directed Plaintiff to retain counsel and admonished that failure to do so may result in dismissal of the Complaint for failure to prosecute.  [ECF No. 5].

      On March 3, 2022, Plaintiff filed what purports to be a Letter Motion for Reconsideration.  [ECF No. 6].  In that Letter Motion, she advises the Court that Plaintiff Karen L. Willis is an individual sole proprietor who merely does business as Harlem West Entertainment and Harlem West Music Group.  [ECF No. 6].  She represents that Harlem West Entertainment and Harlem West Music Group are not corporate entities, but merely fictitious business names.  [ECF No. 6].  In support, she attaches as an exhibit a Fictitious Business Name

Statement that lists both Harlem West Entertainment and Harlem West Music Group. [ECF No. 6]. She therefore asks to be allowed to proceed *pro se* in this matter.

Based on Plaintiff's representations, she may proceed *pro se*. "[I]t is well settled that a fictitious business name does not establish a separate legal entity." *Cusano v. Horipro Ent. Grp.*, 301 F. Supp. 2d 272, 277 (S.D.N.Y. 2004), *aff'd*, 126 F. App'x 521 (2d Cir. 2005) (quoting *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342, 57 Cal. Rptr. 2d 356, 360 (1996) (collecting cases from a variety of jurisdictions)); *Trs. of the Mason Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007) ("Doing business under another name does not create an entity [distinct] from the [entity] operating the business." (citation omitted)). Therefore, Plaintiff may proceed *pro se* on her own behalf.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record.

**SO ORDERED.**

**Date:  April 8, 2022**  
**        New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**